U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 11 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| RICHARD W. BLACK, Plaintiff | CIVIL ACTION NO. 1:14-CV-00518; SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| VICTOR JONES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Amended Motion to Be Moved (Doc. 128). Plaintiff first alleges that the Natchitoches Parish Detention Center ("N.P.D.C.") is not complying with the Court's order to immediately deposit received money into Plaintiff's account. Plaintiff next alleges that he is having to wait days to have copies of legal material made for him. Additionally, Plaintiff once again moves this Court to order him transferred to Red River Parish Jail.

I.  Inmate Account

The Court notes that there was an Order entered on July 13, 2015 (Doc. 67) directing counsel for Defendants to see that Plaintiff's request to inmate accounting was processed. That Order was in reference to Plaintiff's Motion (Doc. 65) to get the inmate accountant to fill out the relevant portion of the *in forma pauperis* form and to withdraw the partial filing fees.

Plaintiff states that his sister dropped off money for him on February 22, 2016 and again on February 24, 2016 and that another sister sent him money on February

25, 2016. Plaintiff then states that none of the money has been entered into his account as of February 26, 2016.

While Plaintiff states that his sisters provided him money, he does not specify in what form (cash, check, or money order). This Court has no information on the length of time it would take for the N.P.D.C. to process these types of deposits, nor information on when inmate would be eligible to use these funds.

Accordingly, Defendants are **ORDERED** to file a Notice of Compliance detailing whether these deposits were made and when Plaintiff will have access to these funds.

## II. Copies of Legal Materials

Plaintiff alleges that, in violation of this Court's order, he has had to wait days to have his legal paperwork copied, despite noting in his request to prison officials that he had deadlines for getting his work submitted to this Court. This Court has ordered that counsel for Defendants ensure Plaintiff has reasonable access to library materials, including the law library, up to five hours a week, at the N.P.D.C. (Docs. 81, 83). Furthermore, Plaintiff was cautioned that this Order did not mean that he was to receive unlimited access or access at his convenience (Doc. 81).

Plaintiff has not clearly stated how long the delay is to have copies prepared for him and, following a review of the docket, it does not appear that Plaintiff's ability to file legal documents has been hindered. A wait of a few days is not clearly unreasonable in the prison setting. Plaintiff is cautioned that reasonable access to the law library and getting materials copied does not mean immediate access. If

2

Plaintiff has upcoming deadlines in this case or any other case, he should be aware of the deadline and ensure that he has a reasonable amount of time to prepare his materials.

### III. Jail Transfer

Plaintiff moves this Court to order him transferred to Red River Parish Jail. Plaintiff's prior motion requesting transfer to Red River Parish Jail (Doc. 79) was denied in a prior Court Order (Doc. 113).

It is unclear from the record whether Plaintiff is an inmate under the control of the Louisiana Department of Public Safety and Corrections or a pretrial detainee not under the control of the Louisiana Department of Public Safety and Corrections. Either way, absent unusual circumstances, this Court does not have the authority to decide where a state prisoner is to be incarcerated. See Meachum v. Fano, 427 U.S. 215, 225 (1976).

"If the prisoner or prisoners to be transferred are not under sentence to the Department of Public Safety and Corrections, the sheriff proposing to make the transfer shall notify the court which set bail for the prisoner or prisoners at least seventy-two hours before making the transfer." La. R.S. 15:706(A)(2). "The statute contemplates application to the trial court by the Sheriff but there is no reason why the defendant cannot apply, with notice to the Sheriff responsible for his custody. In the appropriate case and after hearing, the transfer to another jail should be ordered." State v. Vessel, 389 So.2d 1333, 1335 (La. 1980) (citing State v. Kidd, 377 So.2d 843 (1979)).

3

Accordingly, IT IS ORDERED that Plaintiff's Amended Motion to Be Moved (Doc. 128) is **GRANTED IN PART** and **DENIED IN PART**.

Counsel for Defendants are **ORDERED** to file into the record a Notice of Compliance as stated in Section I of this Memorandum Order on or before April 21, 2016.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge